**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL SENTOSA, | No. 10-70252 |
| Petitioner, | Agency No. A079-529-464 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2013
Pasadena, California

Before: WARDLAW and RAWLINSON, Circuit Judges, and GLEASON, District
Judge.[**]

Samuel Sentosa, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") decision. The BIA dismissed Sentosa's

appeal of an Immigration Judge's ("IJ") decision finding that Sentosa had filed a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

frivolous application for asylum. The BIA also sustained the government's appeal of the IJ's order granting Sentosa's application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny in part and grant in part the petition for review.

We deny Sentosa's petition for review in part because substantial evidence supports the BIA's conclusion that Sentosa filed a frivolous application for asylum. Sentosa testified before the IJ that he knowingly submitted an asylum application that contained fabrications. *See* 8 C.F.R. § 1208.20. Those fabrications, which described incidents of severe abuse, were material because they formed the factual basis of Sentosa's claim of past persecution. *See Kungys v. United States*, 485 U.S. 759, 770 (1988) (A "misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed.") (internal quotation marks omitted).[1]

We grant Sentosa's petition for review in part and remand for further consideration of Sentosa's application for withholding of removal. Sentosa submitted substantial documentary evidence pertaining to country conditions in

---

[1] For example, in his original affidavit, which he later admitted was partly fabricated, Sentosa described an incident in Indonesia where he was beaten by two men, forced to eat pages from his Bible, and sexually assaulted. His revised affidavit did not include those statements.

Indonesia, which the BIA did not discuss when it reversed the IJ's grant of Sentosa's application for withholding of removal. "[T]he BIA has a duty to review the record," and when important aspects of the claim are disregarded, "denial of relief is arbitrary" and "we must remand such cases for proper consideration." *Tukhowinich v. INS*, 64 F.3d 460, 463-64 (9th Cir. 1995) (internal quotation marks omitted). By failing to address Sentosa's documentary evidence of country conditions, the BIA did not properly determine whether Sentosa demonstrated a pattern or practice of persecution against Christian or Chinese people in Indonesia, and thus whether he was entitled to withholding of removal.

We accordingly grant the petition as to Sentosa's claim for withholding of removal based on a pattern or practice of persecution and remand to the BIA for consideration of the documentary evidence in the record, as well as other current country conditions it deems relevant, and for further proceedings consistent with this disposition. We express no view on the ultimate resolution of Sentosa's claim for withholding of removal. We leave that determination for the BIA to make in the first instance.

Each party shall bear its own costs.

**DENIED in part; GRANTED in part; REMANDED.**

**IT IS SO ORDERED.**